**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

    **v.**

**WORLDWIDE EXECUTIVE JOB SEARCH
SOLUTIONS, LLC, a limited liability
company, also d/b/a WWEJSS, Seven Figure
Careers, 7FigRecruiters, 7FC, Finnburg
Switzer, ResumeterPro, Creating Job
Opportunity, Confidential Jobs Only, CJOnly,
and CJO Private Equity,**

**PRIVATEEQUITYHEADHUNTERS.COM,
LLC, a limited liability company, also d/b/a
Private Equity Headhunters, PE Headhunters,
and PEHHS.COM, LLC,**

**and**

**CRAIG NICHOLAS CHREST, individually
and as a managing member of Worldwide
Executive Job Search Solutions, LLC,**

    **Defendants.**

**Civil Action No. H-19-495**

---

**AGREED TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, OTHER
EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY
INJUNCTION SHOULD NOT ISSUE**

Plaintiff, the Federal Trade Commission (FTC), has filed its Complaint for Permanent

Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade

Commission Act (FTC Act), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and the

Consumer Fraud and Abuse Prevention Act (Telemarketing Act), 15 U.S.C. §§ 6101-6108,

(Docket No. 1), and has moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Worldwide Executive Job Search Solutions, LLC, PrivateEquityHeadhunters.com, LLC, and Craig Nicholas Chrest (collectively, "Defendants). (Docket No. 2). In the spirit of cooperation, Defendants, without admitting or denying the findings, the merits of the FTC's case, and for the purposes of these proceedings only, agree to the entry of this Order for the purposes of preserving the status quo.

## FINDINGS

Based on the Parties agreement, and without Defendants admitting or denying the findings or the merits of the FTC's case, the Parties agree that if this matter proceeded to a hearing on the FTC's Motion for a Temporary Restraining Order the Court, after considering the FTC's pleadings and declarations, exhibits, and memoranda, could find that:

A.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over the parties.

B.      Venue in this district is proper.

C.      The Complaint states a claim upon which relief may be granted under Sections 5, 13, and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b and under 15 U.S.C. §§ 8404 and 1693o(c).

D.      Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes this Court to grant the FTC a preliminary injunction upon a showing that, weighing the equities and considering the FTC's ultimate likelihood of success, a preliminary injunction is in the public interest.

2

E.      Section 19 of the FTC Act, 15 U.S.C. § 57b, allows this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from the violation of any rule enforced by the FTC.

F.      To be entitled to injunctive relief, Plaintiff need only show (1) a likelihood of success on the merits; and (2) that the public equities outweigh the private equities. *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020 (7th Cir. 1988); *FTC v. Inv. Dev., Inc.*, Case No. 89-civ-642, 1989 U.S. Dist. LEXIS 6502, at *13 (E.D. La. June 8, 1989).

G.      "Unlike private litigants, the FTC need not demonstrate irreparable injury in order to obtain injunctive relief." *FTC v. GTP Mktg., Inc.*, Civil Action No. 4-90-123-K, 1990 U.S. Dist. LEXIS 3325, at *9 (N.D. Tex. March 15, 1990); *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156 (9th Cir. 1984).

H.      If this matter proceeded to a hearing the FTC represents that it may meet the threshold showing that it is likely to ultimately succeed on the merits. Without admitting or denying the FTC's allegations, the Defendants recognize that the Court could find there is good cause to believe that Defendants have allegedly engaged in and are likely to allegedly engage in acts or practices that violate Section 5(a) of the FTC Act and Section 310.3(a)(2)(iii) of the Telemarketing Sales Rule (TSR) by misrepresenting, directly or indirectly, expressly or by implication, that:

      1.      Defendants are allegedly recruiting for a highly paid executive position with a private equity or venture capital firm; and

      2.      Consumers who purchase Defendants' services are allegedly likely to obtain a highly paid executive position with a private equity or venture capital firm through Defendants' assistance.

I. When a district court balances the public interest against a private interest, the public interest should receive greater weight. *FTC v. World Travel Vacation Brokers*, 861 F.2d 1020, 1030 (7th Cir. 1988); *FTC v. USA Beverages, Inc.*, 2005 U.S. Dist. LEXIS 39075, at *15 (S.D. Fla. 2005).

J. Without admitting or denying the facts or the merits of the FTC's case, the Defendants acknowledge that if this matter went to a hearing, the FTC may present evidence::

 1. There is good cause to believe that Defendants have allegedly violated and, unless enjoined by this Court, will continue to violate Section 5(a) of the FTC Act by allegedly falsely representing that Defendants are recruiting for a highly paid executive position with a private equity or venture capital and that consumers who purchase Defendants' services are likely to obtain a highly paid executive position with a private equity or venture capital firm through Defendants' assistance;

 2. There is good cause to believe that Defendants have also allegedly violated, and unless enjoined by this Court, will continue to violate the FTC's Telemarketing Sales Rule (TSR), 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting that Defendants are recruiting for a highly paid executive position with a private equity or venture capital firm and that consumers who purchase Defendants' services are likely to obtain a highly paid executive position with a private equity or venture capital firm through Defendants' assistance;

 3. There is good cause to believe that consumers nationwide have allegedly suffered and, unless enjoined by this Court, will continue to suffer harm,

including economic injury, as a result of Defendants' alleged violations of Section 5(a) of the FTC Act and the TSR;

4.     There is good cause to believe that Defendants have received and, unless enjoined by this Court, will continue to receive alleged ill-gotten gains as a result of their violations of Section 5(a) of the FTC Act and the TSR; and

5.     The private interests of Defendants do not outweigh the public interest in enjoining alleged future law violations, protecting Assets or Documents, or preserving the Court's ability to award effective full and final relief.

K.     This Court finds that the public interest is served by:

1.     Enjoining deceptive or unfair acts or practices that violate the law;

2.     Maintaining the *status quo* over Assets and business Documents relating to Defendants' alleged law violations until a fair and impartial hearing may be held; and

3.     Preserving the Court's ability to award full and effective final relief at trial or other disposition of this matter.

L.     The Federal Rules of Civil Procedure permit this Court to issue a temporary restraining order where specific facts clearly show a likelihood that immediate and irreparable injury, loss, or damage will result if this Order is not granted.

M.     Irreparable injury may be presumed in a statutory law enforcement action. "No specific or immediate showing of the precise way in which violation of the law will result in a public harm is required." *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987).

N.      Based on the foregoing, Defendants agree to enter into a temporary restraining order with an asset freeze and other equitable relief as set forth below to maintain the status quo pending further proceedings before this Court.

P.      This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

Q.      Under Fed. R. Civ. P. 65(c), no security is required of any agency of the United States for issuance of a temporary restraining order.

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

A.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.      "**Defendant(s)**" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

1.      "**Individual Defendant**" means Craig Nicholas Chrest, individually, and as an officer and agent of the Corporate Defendants.

2.      "**Corporate Defendants**" means Worldwide Executive Job Search Solutions, LLC and PrivateEquityHeadhunters.com, LLC, including each of their subsidiaries, affiliates, successors, and assigns.

C.      "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including email and instant messages, contracts, accounting data, advertisements, FTP Logs,

Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of the term.

D.     "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud-based" electronic storage.

E.     "**Financial Institution**" means an insured bank; a commercial bank or trust company; a private banker; an agency or branch of a foreign bank; a credit union; a thrift institution; a broker or dealer registered with the Securities and Exchange Commission; a broker or dealer in securities or commodities; an investment banker or investment company; a currency exchange; an issuer, redeemer, or cashier of travelers' checks, checks, money orders, or similar instruments; an operator of a credit card system; an insurance company; a dealer in precious metals, stones, or jewels; a pawnbroker; a loan or finance company; a licensed sender of money or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system; a telegraph company; a business engaged in vehicle sales, including automobile, airplane, and boat sales; persons involved in real estate

closings and settlements; the United States Postal Service; a casino, gambling casino, or gaming establishment.

F.     "**Person**" means a natural person, an organization or other legal entity, including an association, cooperative, corporation, Electronic Data Host, limited liability company, partnership, sole proprietorship, or any other group or combination acting as an entity.

## ORDER

## I.     PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, or offering for sale, or sale of any job placement or resume repair services, are temporarily restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.     That Defendants are recruiting for a highly paid executive position with a private equity, venture capital, or other firm;

B.     That consumers who purchase Defendants' services are likely to obtain a highly paid executive position with a private equity, venture capital, or other firm through Defendants' assistance;

C.     That Defendants have access to hidden, unposted, or unpublished jobs;

D.     That Defendants have a particular success, interview, or job placement rate;

E.     That Defendants have exclusive recruiting relationships or are affiliated with an employer or Person;

F.     That any communication is from a potential employer or Person;

G. That any employer or Person has expressed interest in interviewing or hiring a consumer;

H. That consumers' education or career experience qualifies them for a certain position;

I. That consumers' resumes are deficient; and

J. Any other material fact, including, but not limited to, any material aspect of the performance, efficacy, nature or other characteristic of any goods or services that are the subject of a telemarketing sales offer, 16 C.F.R. § 310.3(a)(2)(iii).

## II. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, electronic mail address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B. Benefitting from or using the name, address, birth date, telephone number, electronic mail address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however,* that Defendants may disclose such financial or identifying personal information to a law enforcement agency, to their attorneys as required for their defense, or as required by any law, regulation, or court order.

### III.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning, pledging, selling, spending, transferring, or withdrawing any Asset that is:

1.    owned, controlled by, or held for the benefit of, any Defendant, directly or indirectly;

2.    in the actual or constructive possession of any Defendant;

3.    held as a retainer or deposit for the provision of goods or services to any Defendant; or

4.    owned, controlled by, held for the benefit of, or in the actual or constructive possession of any entity directly or indirectly owned, managed, or controlled by any Defendant;

B.    Opening or causing to be opened any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant;

C. Incurring charges or cash advances on any credit, debit, or checking card issued in the name, individually or jointly, of any Defendant, or of any entity directly or indirectly owned, managed, or controlled by any Defendant;

D. Obtaining or providing a personal or secured loan that encumbers an Asset of any Defendant; and

E. Cashing or depositing any Asset received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) all Assets obtained by Defendants after this Order is entered, if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit the repatriation of foreign Assets specifically required by this Order.

## IV. DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any Financial Institution or Person that has, or that at any time since January 1, 2014, has had, custody or control over an Asset or Document belonging to, for the use or benefit of, under the control of or subject to access by any Defendant, that is provided with a copy of this Order or otherwise has actual or constructive knowledge of this Order, shall:

A. Hold and retain any of Defendants' Assets or Documents that are within its control and prohibit Defendants from assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning, pledging, selling, spending, transferring, or withdrawing any Asset, or concealing or destroying any Document, except (1) as directed by further order of this Court, or (2) by written stipulation of the parties;

B.    Deny any person access to any safe deposit box, commercial mailbox, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant;

C.    Within five (5) days after receiving a copy of this Order, provide Plaintiff's counsel a sworn schedule setting forth:

1.    The identification number of each Asset or Document belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant;

2.    The balance of each Asset, or a description of the nature or value of each Asset or Document as of the close of business on the day on which this Order is received, and, if the Asset or Document has been closed, removed, or dissipated, the date closed, removed, or dissipated, a description of what was closed, removed, or dissipated, and the name of the person to whom such Asset or Document was remitted;

3.    The identification and location of any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant, individually or jointly; and

4.    The cryptographic hash value, time stamp, transaction data, public addresses or other information sufficient to identify, locate, and track any Asset or Document in any blockchain or distributed ledger technology system that is belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant.

D.    Within five (5) days of receiving a request from Plaintiff's counsel, provide Plaintiff's counsel with all Documents pertaining to such Asset, including, but not limited to,

account applications, statements, signature cards, checks, drafts, deposit tickets, transfers to and from accounts, wire transfers, wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

*Provided, however,* that this Section does not prohibit any repatriation of foreign Assets specifically required by this Order.

## V. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, overnight delivery, U.S. Mail or FedEx, or personally by agents or employees of the Plaintiff, by any law enforcement agency, or by process server, upon any Financial Institution or Person that may have possession, custody, or control of any Asset or Document belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant, or that may be subject to any provision of this Order. For purposes of this Section, service upon any branch or office of any entity shall effect service upon the entire entity.

## VI. POSTING NOTICE OF LAWSUIT ON WEBSITES

**IT IS FURTHER ORDERED** that, within 24 hours of service of this Order, Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order, whether acting directly or indirectly, shall take whatever action is necessary to ensure that any website used by any Defendant in connection with the advertising, marketing, and promotion of any job placement or resume repair services, shall:

A.    Prominently display the following statement:

The Federal Trade Commission (FTC) has filed a lawsuit against Defendants:

Worldwide Executive Job Search Solutions, LLC (Worldwide), also doing business as WWEJSS, Seven Figure Careers, 7FigRecruiters, 7FC, Finnburg Switzer, ResumeterPro, Creating Job Opportunity, Confidential Jobs Only, CJOnly, and CJO Private Equity;

PrivateEquityHeadhunters.com, LLC, also doing business as Private Equity Headhunters, PE Headhunters, and PEHHS.COM, LLC; and

Craig Nicholas Chrest.

The lawsuit alleges that Defendants have engaged in deceptive practices in connection with the advertising, marketing, promotion and sales of job placement and resume repair services. The United States District Court for the Southern District of Texas has issued a Temporary Restraining Order prohibiting the alleged deceptive practices.

You may obtain additional information directly from the Federal Trade Commission.

B.  Provide a hypertext link to the FTC's home page at www.ftc.gov, or another home page

designated by counsel for the FTC.

## VII.    PRODUCTION OF DOCUMENTS, DATA, AND IDENTIFICATION INFORMATION

**IT IS FURTHER ORDERED** that:

A.  Within five (5) days of service of this Order, each Defendant shall produce to the

FTC at the following address:

KEITH EDWARD WYATT
OFFICE OF THE UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF TEXAS
1000 LOUISIANA STREET, SUITE 2300
HOUSTON, TEXAS 77002

for inventory and copying, all Documents, and computer equipment in any Defendant's

possession, custody, or control, that contains information about Defendants' operation or

promotion of any job placement or resume repair service the Defendants have engaged in since

January 1, 2014. The FTC shall return each item produced for inventory or copying to Defendants within five (5) days from the date and time of any Defendant's delivery of each such item.

Each Defendant, to the extent he has possession, custody, or control of Documents described above, shall produce the Documents as they are kept in the usual course of business. Each Defendant, to the extent he has possession, custody, or control of computer equipment or electronically stored information described above, shall provide the FTC with any necessary means of access to the computer equipment or electronically stored information, including, but not limited to, computer access codes and passwords.

      B.     Within 48 hours of service of this Order, each Defendant shall:

         1.     Complete and serve on counsel for the FTC the Electronically Stored Information Statement attached as **Attachment A**; and

         2.     Identify for Plaintiff's Counsel:

            a.     All of Defendants' business premises;

            b.     Any non-residence where Documents or electronically stored information related to Defendants' operation of any job placement or resume repair service, or any other money-making opportunity that Defendants promoted or in which Defendants participated are hosted, stored, or otherwise maintained, including, but not limited to, the name and location of any Electronic Data Hosts; and

            c.     Any non-residence premises where Assets belonging to any Defendant are stored or maintained.

## VIII.   FINANCIAL DISCLOSURES AND ACCOUNTING

**IT IS FURTHER ORDERED** that within five (5) days of service of this Order, each Defendant shall:

A.      Prepare and deliver to Plaintiff's counsel complete and accurate financial statements on the forms attached as **Attachments B** and **C** of this Order**,** disclosing all corporate Assets and providing all required attachments; disclosing all personal assets and all assets of corporations, partnerships, trusts or other entities that each Defendant owns or controls, jointly or individually;

B.      Prepare and deliver to Plaintiff's counsel complete and accurate copies of federal and state income tax forms, including all schedules and attachments for the five (5) most recent filing years;

C.      Prepare and deliver to Plaintiff's counsel the attached releases for copies of tax returns attached as **Attachment D** of this Order; and

D.      Prepare and deliver to Plaintiff's counsel a complete and accurate accounting of each company that Defendants used to advertise, market, promote, offer for sale, or sell job placement or resume repair services since January 1, 2014, including:

1.      The name address, telephone number, and Uniform Record Locator (URL) used;

2.      The state or county organized or filed, and dates operated;

3.      A brief description of each Company's services;

4.      Gross revenues (in U.S. dollars) generated per annum;

5.      For any website that Defendants used, directly or indirectly, in connection with advertising, marketing, promoting, operating, offering for sale, or sale of any job placement or resume repair service:

a. provide the website address or URL, website host, website administrator, and the name, address, telephone number, electronic mail address, and website address, of any person who controls or has controlled the website's content; and

b. provide the name, address, telephone number, electronic mail address, website address, owner, officer, or employees of each person that: (i) supplied, developed, administered, formulated, or created any component of each identified job placement or resume repair service; (ii) paid Defendants, whether directly or indirectly, for promoting the job placement or resume repair service; and or (iii) disseminated or published any promotional material on behalf of Defendants or received payment from Defendants for arranging in or assisting in such dissemination or publication.

## IX. FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days of service of this Order, each Defendant shall:

A. Transfer to the United States all Assets and Documents that are located outside of the United States and belong to, are for the use or benefit of, are under the control of, or are subject to access by any Defendant; and

B. Hold and retain all repatriated Assets and Documents and prevent any disposition, transfer, dissipation, or destruction of such Assets and Documents except as required by this Order.

## X.     NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action that may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the Section of this Order entitled "Foreign Asset Repatriation," including, but not limited to:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## XI.     CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## XII.     PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from altering, concealing, destroying, erasing, falsifying, mutilating, transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to the business practices, Assets, or business or personal finances of any Defendant or the business practices or finances of entities directly or indirectly under the control of any Defendant.

## XIII.   REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing:

A.      the name of the business entity;

B.      the address, telephone number, and any URL used by the business entity;

C.      the names of the business entity's officers, directors, principals, managers, and employees; and

D.      a detailed description of the business entity's intended activities.

## XIV.   DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division,

and representative of any Defendant, and shall, within five (5) days from the date of entry of this Order, provide Plaintiff with a sworn statement that Defendant has complied with this provision of the Order and shall list the names, addresses, telephone numbers, and electronic mail addresses of each person or entity who received a copy of the Order.

## XV.    ORDER TO SHOW CAUSE

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), each Defendant shall appear before this Court on the **27 day of March, 2019, at 10:00 o'clock a.m. CST** in the courtroom of Chief United States District Judge Lee H. Rosenthal, Courtroom 11-B, United States District Court, Southern District of Texas, Houston Division, located at 515 Rusk Street, Houston, Texas 77002, to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their Assets, and imposing such additional relief as may be appropriate.

## XVI.   CONDUCT OF THE SHOW CAUSE HEARING

**IT IS FURTHER ORDERED** that:

A.      Unless an evidentiary hearing is requested, Plaintiff's motion for order to show cause why a preliminary injunction should not issue against all Defendants shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of the parties. A party may request an evidentiary hearing by filing a Notice of Evidentiary Hearing with the Court and providing notice to the opposing party at least five (5) days prior to the scheduled show cause hearing. The filing of such Notice shall entitle both the requesting party and its opponent to an evidentiary hearing.

B.      Defendants shall file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no

later than four days prior to the order to show cause hearing scheduled pursuant to this Order. Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one day prior to the order to show cause hearing.

C.     In the event that a Notice of Evidentiary Hearing is filed, the parties shall file and serve their Witness Lists and Exhibit Lists, and shall provide the parties with copies of all exhibits to be introduced, at least three days prior to the show cause hearing.

## XVII.  DURATION OF THE TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that this Order shall expire on **March 27, 2019**, unless within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2), for good cause shown or by agreement of the Parties.

## XVIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SIGNED on February 22, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge